United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

XINHUA ZHANG,

Plaintiff,

v.

BRUCE SHI, et al.,

Defendants.

Case No. 26-cv-01777-VKD

**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE WITHOUT PREJUDICE**

Re: Dkt. No. 20

Plaintiff Xinhua Zhang moves for an order authorizing service by publication on defendants Bruce Shi, Thrones Capital Corporation ("Thrones Capital"),[1] Global Union LLC ("Global Union"), and Odyssey Group Limited ("Odyssey"). Dkt. No. 20. For the reasons stated below, the Court denies Ms. Zhang's motion without prejudice.[2]

## I. BACKGROUND

On March 2, 2026, Ms. Zhang filed this fraud action against Mr. Shi, Thrones Capital, Global Union, and Odyssey. Dkt. No. 1. According to the complaint, in the summer of 2024, Mr. Shi invited Ms. Zhang to invest money through Mr. Shi and his business entities Thrones Capital, Global Union, and Odyssey. *Id.* ¶¶ 9, 13-15. Mr. Shi represented that he was the "founder, owner[,] and chief investment officer," and the "authorize[d] agent for and primary executive of" Thrones Capital, Global Union, and Odyssey. *Id.* ¶¶ 9-10. Based on Mr. Shi's representation that he could invest Mr. Zhang's Chinese yuan for a return of "substantial U.S. dollars," Ms. Zhang

[1] As noted below, Ms. Zhang has since dismissed defendant Thrones Capital from the action.

[2] The Court finds this matter suitable for decision without oral argument. Civil L.R. 7-1(b).

wired 19,665,840 Chinese yuan (approximately $2.83 million USD) to defendants' bank accounts on August 8, 2025. *Id.* ¶¶ 15, 22. Ms. Zhang alleges that Mr. Shi promised to wire Ms. Zhang $2.68 million then absconded with her funds. *Id.* ¶¶ 23-28.

Ms. Zhang asserts five claims against defendants: (1) fraud, in violation of Cal. Civ. Code § 1710; (2) conversion, in violation of Cal. Civ. Code § 3336; (3) breach of contract; (4) unjust enrichment; and (5) civil conspiracy. *Id.* at 5-9. Ms. Zhang seeks damages, including punitive damages; pre-judgment and post-judgment interest; costs of suit; and attorneys' fees and costs. *Id.* at 9-10. Ms. Zhang asserts federal diversity jurisdiction, 28 U.S.C. § 1332, alleging that she is a resident of Massachusetts, "all Defendants are in this district," and the amount in controversy exceeds $75,000. *See id.* ¶¶ 1-8.

Ms. Zhang reports that she has been unable to serve defendants. Dkt. No. 20 at 2-4. Ms. Zhang engaged process server Dan Nguyen who attempted to personally serve Mr. Shi on March 31, 2026 at his last known address in Santa Clara, California. *Id.* at 2-3; *id.*, Ex. A at 1. Mr. Nguyen attests that the current resident at the property, who identified himself as "Ab Doe," answered the door and stated that Mr. Shi did not live at the address. *Id.*, Ex. A at 1. At Mr. Nguyen's request, Ab Doe contacted his landlord who stated that Mr. Shi was a tenant at the property approximately five to six years ago. *Id.*

As to Global Union and Thrones Capital, Ms. Zhang states that she engaged process server Mahesh Bhagat to attempt service on both entities on April 3, 2026 at an address in Burlingame, California. Dkt. No. 20 at 3-4; *id.*, Ex. A at 2, 3. Mr. Bhagat attests that the building appeared vacant upon arrival and that he was unable to serve Global Union and Thrones Capital. *Id.*, Ex. A at 2, 3.

Ms. Zhang also states that Mr. Bhagat attempted to serve Odyssey at an address in Woodside, California on April 6, 2026. Dkt. No. 20 at 4; *id.*, Ex. A at 4. Mr. Bhagat attests that "the residence appear[ed] vacant," and that a neighbor informed him that the property had been vacant for more than two years. *Id.*, Ex. A at 4.

On June 5, 2026, Ms. Zhang filed a motion seeking leave to serve defendants by publication in the *San Mateo Daily Journal* newspaper. Dkt. No. 20. In support of her motion,

Ms. Zhang submitted a personal affidavit and affidavits by Mr. Nguyen and Mr. Bhagat. *Id.*, Ex. A; Dkt. No. 21. Ms. Zhang has since dismissed Thrones Capital from the action. Dkt. No. 27. Accordingly, the Court limits its analysis to Mr. Shi, Global Union, and Odyssey.

## II. LEGAL STANDARD

Ms. Zhang's motion for leave to serve by publication relies on Rule 4(e)(1) of the Federal Rules of Civil Procedure. Dkt. No. 20 at 4. Rule 4(e)(1) permits service of an individual within a judicial district of the United States pursuant to the state law applicable in that district. California law provides for several means of effecting service upon an individual defendant: (1) personal delivery to the party, Cal. C.C.P. § 415.10; (2) delivery to someone at the party's usual residence or place of business, followed by a mailing, *id.* § 415.20; (3) mail with an acknowledgement of receipt, *id.* § 415.30; (4) mail on persons outside California, *id.* § 415.40; and (5) publication, *id.* § 415.50.

In California, service by publication is permitted "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and that either: (1) "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action" or (2) "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property." *Id.* § 415.50(a). "The question is simply whether [the plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (Cal. Ct. App. 1978).

Nevertheless, because service by publication is "the least likely to succeed in notifying the defendant of an action against him," it is to be used "only as a last resort." *Bd. of Trs. of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337-38 (Cal. Ct. App. 2013) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (Cal. 1995)). Each case must be evaluated on its own facts. *Id.* at 339. "No single formula [or] mode of search can be said to constitute due diligence in every case." *Id.* (internal quotations and citations omitted).

## III. DISCUSSION

Ms. Zhang seeks permission to serve all remaining defendants—Mr. Shi, Global Union, and Odyssey—by publication in the *San Mateo Daily Journal*. Dkt. No. 20. Ms. Zhang argues that such service is warranted because defendants "cannot with reasonable diligence be served in any other manner" and "valid causes of actions exist against" defendants. *Id.* at 1. The Court finds that Ms. Zhang has not adequately demonstrated that the applicable requirements for service by publication have been met as to these defendants.

### A. Service on Global Union and Odyssey

As a threshold matter, the Court questions whether Global Union and Odyssey may be served by publication. According to the complaint, Global Union is a California limited liability company ("LLC") and Odyssey is a California corporation. Dkt. No. 1 ¶¶ 4-5.

In the case of a corporation or other business entity, service must be effectuated in accordance with Rule 4(h) of the Federal Rules of Civil Procedure, which provides, in part, that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).

As noted above, Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under California Code of Civil Procedure § 416.10, a corporation may be served through: "(1) a designated agent for service of

process, (2) enumerated officers and other authorized agents of the corporation; (3) a cashier or assistant cashier of a banking corporation; and (4) where the party attempting service *cannot* with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code section 1702." *Gibble v. Car-Lane Rsch., Inc.*, 67 Cal. App. 4th 295, 303 (Cal. Ct. App. 1998). Similarly, California Corporations Code § 17701.16 provides that an LLC may be served by "[p]ersonal service of a copy of any process against the limited liability company . . . by delivery (1) to any individual designated by it as agent, or (2) if the designated agent is a corporation, to any person named in the latest certificate of the corporate agent . . . ." Cal. Corp. Code § 17701.16(b). If an LLC's designated agent cannot be served with reasonable diligence, then service can be made by delivering to the Secretary of State one copy of the process for each defendant to be served, with a copy of an order authorizing such service. *Id.* § 17701.16(c).

Other courts in the Ninth Circuit have observed that the California statutes for service on business entities suggest that service by publication may not be permitted. *See Bd. of Trs. of the Cement Masons Health & Welfare Tr. Fund for N. Cal. v. Indus. Com. Concrete Constr., Inc.*, No. 14-cv-02061 JSC, 2014 WL 5795064, at *3 (N.D. Cal. Nov. 5, 2014) ("Given this ability to serve the California Secretary of State after attempting personal service with reasonable diligence, it is not clear when, if ever, service by publication may be made against a corporation."); *Prime Ins. Co. v. Liuhe Weiye Inc.*, No. 25-cv-05418-WLH-KS, 2025 WL 3718377, at *4 (C.D. Cal. Oct. 2, 2025) (denying motion for service on corporation by publication "because service on the California Secretary of State remains a viable and potentially more appropriate method of service"); *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 310 (S.D. Cal. 2020) (denying motion for service on corporation by publication "because California requires business entities, both domestic and foreign, to be served by service upon the California Secretary of State").

Ms. Zhang's motion does not address the different standards for service on entities and individuals, nor does it indicate whether Ms. Zhang has attempted service on the California Secretary of State. *See* Dkt. No. 20. As Ms. Zhang has not shown that Global Union and Odyssey "cannot with reasonable diligence be served in another manner," the Court denies the motion

without prejudice as to Global Union and Odyssey. Any re-filed motion seeking service by publication against Global Union and Odyssey shall explain why service through the Secretary of State is not available as to these defendants.

**B. Service on Mr. Shi**

Ms. Zhang has also failed to show that service by publication on Mr. Shi is warranted. First, Ms. Zhang has made only one attempt to serve Mr. Shi on March 31, 2026 at his last known address. *See* Dkt. No. 20, Ex. A at 1. As a general matter, a single attempt to accomplish personal service does not rise to the requisite level of diligence required under California law. *See, e.g.*, *Pro-Troll v. Cronk*, No. 25-cv-06039-PHK, 2026 WL 479972, at *5 (N.D. Cal. Feb. 20, 2026) (finding one attempt at service inadequate to establish reasonable diligence).

Second, Ms. Zhang has not demonstrated that Mr. Shi cannot be personally served at a different location or served through other methods. "[L]ikely sources of information," such as "inquiry of relatives, friends, and acquaintances, or of [defendant's] employer, and . . . investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location . . . must be searched before resorting to service by publication." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (Cal. Ct. App. 1996).

The affidavit submitted by process server Mr. Nguyen states that he made one attempt at service on Mr. Shi at his last known address. Dkt. No. 20, Ex. A at 1. Mr. Nguyen attests that the resident at the address said that Mr. Shi does not reside there. *Id.* Ms. Zhang's affidavit does not address what steps, if any, she took to investigate Mr. Shi's current address. *See* Dkt. No. 21. Ms. Zhang has not shown that she has "exhaust[ed] the myriad other options available," such as "searching phone books, online people search tools, voter registries, or other common sources of information, or by hiring a private investigator." *See Castillo-Antonio v. Azurdia*, No. 13-cv-05709 DMR, 2014 WL 4060219, at *3 (N.D. Cal. Aug. 14, 2014) (holding that four attempts of personal service at defendant's purported address and mailing documents to the same address did not meet reasonable diligence requirement); *Price v. Thomas,* No. 21-cv-06370-DMR, 2021 WL 5564795, at *3 (N.D. Cal. Nov. 29, 2021) (finding plaintiff had not shown reasonable diligence

United States District Court
Northern District of California

where plaintiff's "process servers made multiple attempts to serve [defendant] at an unspecified address . . . and were told that he does not live at the address" and there was "no evidence of any attempt to locate [defendant's] whereabouts").

As Ms. Zhang has not shown that she has made a "thorough, systematic investigation and inquiry" of Mr. Shi's address, *Watts*, 10 Cal. 4th at 749 n.5, the Court denies Ms. Zhang's motion to serve Mr. Shi by publication.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court denies Ms. Zhang's motion to serve Mr. Shi, Global Union, and Odyssey by publication without prejudice. If Ms. Zhang chooses to file a renewed motion for alternative service, she shall do so no later than **August 13, 2026**. The renewed motion must address the issues identified in this order.

Alternatively, if Ms. Zhang does not intend to file a renewed motion for alternative service, she must file a status report no later than **August 13, 2026**, advising the Court of how she intends to proceed.

**IT IS SO ORDERED.**

Dated: July 23, 2026

Virginia K. DeMarchi
United States Magistrate Judge

[3] Because the Court finds that Ms. Zhang has not satisfied the reasonable diligence requirement of § 415.50, it does not reach the question of whether Ms. Zhang has provided sufficient independent evidentiary support for the existence of a cause of action against defendants. *See Bd. of Trs. for Laborers Health & Welfare Tr. Fund for N. Cal. v. P & J Util. Co.*, No. 21-cv-01075-DMR, 2022 WL 20113303, at *5 n.4 (N.D. Cal. Aug. 16, 2022).